PENINSULAR STOVE COMPANY, Appellant, vs. SACKET and another, Garnishees, Respondents.

*September 26 — October 15, 1889.*

*Debtor and creditor: Fraud: Voluntary assignment: Preferences.*

A judgment by default was obtained against partners, one of whom was a brother of one of the plaintiffs. On the same day execution was levied, under which the defendants' goods were sold and the judgment satisfied. After the levy, but on the same day, the defendants made an assignment for the benefit of their creditors. The same attorney was the legal adviser of both parties in these proceedings. Subsequently a creditor of the defendants garnished the plaintiffs, claiming that the judgment, levy, and assignment were parts of one transaction to secure a fraudulent preference of such plaintiffs. *Held,* that in the absence of proof of collusion or actual fraud the facts above stated were insufficient to invalidate the judgment and levy. [Whether such judgment and levy could be attacked by any one except the assignee, not determined.]

Peninsular Stove Co. vs. Sacket and another.

APPEAL from the Circuit Court for *Green Lake* County. Garnishment. The facts are sufficiently stated in the opinion.

For the appellant there was a brief by *Hooper & Hooper*, and oral argument by *Ben. Hooper*. They contended, *inter alia*, that the assignment and judgment and execution levy are one transaction — an assignment for the benefit of creditors, giving preference to the garnishees herein, and therefore void under sec. 1, ch. 349, Laws of 1883. *Perry v. Holden*, 22 Pick. 269; *Burrows v. Lehndorff*, 8 Iowa, 96; *Rundlett v. Dole*, 10 N. H. 458; *Main v. Lynch*, 54 Md. 658; *Norton v. Kearney*, 10 Wis. 443; *Gillmann v. Henry*, 53 id. 468; *Herbst v. Lowe*, 65 id. 316; *Backhaus v. Sleeper*, 66 id. 68; *Winner v. Hoyt*, id. 227; *Bowery Bank Case*, 5 Abb. Pr. 415; *Kellogg v. Root*, 23 Fed. Rep. 525; *Preston v. Spaulding*, 120 Ill. 208; *Holt v. Bancroft*, 30 Ala. 193; *Berry v. Cutts*, 42 Me. 445; *Owen v. Arvis*, 26 N. J. Law, 22; *Fairchild v. Hunt*, 14 N. J. Eq. 373; *Livermore v. McNair*, 34 id. 478; *National Bank v. Sprague*, 21 id. 530; *Cole v. Dealham*, 13 Iowa, 551; *U. S. v. Griswold*, 8 Fed. Rep. 501; *Hahn v. Salmon*, 20 id. 811; *Doggett, B. & H. Co. v. Herman*, 16 id. 812; *Hide & L. Nat. Bank v. Rehm*, 126 Ill. 461; *Meinhard v. Strickland*, 29 S. C. 491; *James v. Sigler*, 7 S. W. Rep. (Ky.), 632.

For the respondents there was a brief by *Waring & Niskern*, attorneys, a supplemental brief signed by *Finch & Barber*, of counsel, and oral argument by *George D. Waring* and *Charles Barber*. To the point that the judgment obtained by the garnishees could not be attacked by any one except the assignee of Smith & Sacket, they cited ch. 170, Laws of 1882; ch. 349, Laws of 1883; ch. 292, Laws of 1885; *Leonard v. Clinton*, 26 Hun, 288; *Spring v. Short*, 90 N. Y. 538; *Swift v. Hart*, 35 Hun, 128; *Childs v. Kendall*, 30 id. 227; *Crouse v. Frothingham*, 27 id. 123; *Lowery v. Clinton*, 32 id. 267; *Root v. Potter*, 59 Mich. 498; *Angell*

*v. Pickard*, 61 id. 561; *Scott v. Chambers*, 62 id. 532; *Wilhelm v. Byles*, 60 id. 561; *Sweetser v. Higby*, 63 id. 13; *Powers v. C. H. Hamilton Paper Co.* 60 Wis. 23, 32; *Vernon v. Upson*, id. 418; *Batten v. Smith*, 62 id. 92, 99; *Kloeckner v. Bergstrom*, 67 id. 197; *Charles Baumbach Co. v. Miller*, id. 450; *Conlee Lumber Co. v. Ripon Lumber & M. Co.* 66 id. 481, 490; *Frost v. Citizens' Nat. Bank*, 68 id. 234, 240; *Backhaus v. Sleeper*, 66 id. 68, 72; *Howitt v. Blodgett*, 61 id. 376.

ORTON, J.    The main facts in this case are briefly and substantially as follows: The firm of *Sacket & Fitch* obtained a judgment by default against the firm of Smith & Sacket.    The name of the first *Sacket* is *George B.*, and of the second is Frederick W. Sacket, and they are brothers. The first firm are bankers, and the second are merchants.    On the same day the judgment was obtained an execution was issued thereon and levied upon the goods of Smith & Sacket, and on that day, but after the levy, Smith & Sacket made an assignment for the benefit of their creditors to one Robert G. Campbell.    The Honorable George D. Waring, the leading member of his law firm, appears to have been the legal adviser of both firms in these proceedings.    It so happened that the levy had priority of the assignment. The goods were sold under the execution, and the proceeds were applied to the payment of the judgment and costs, and the residue was paid over to the assignee.    The appellant was a creditor of the firm of Smith & Sacket, and obtained judgment against them after the above proceedings, and garnished the firm of *Sacket & Fitch.*    The appellants charged collusion between the two firms by their said legal adviser, by which the priority of the levy over the assignment was obtained with intent to defraud the creditors of Smith & Sacket.    The theory is that the judgment and levy and the assignment were parts of one transaction to secure

a fraudulent preference of *Sacket & Fitch* in the assignment, and that they are all void for fraud. The circuit court found that there was no fraud or collusion, and dismissed the proceeding.

The learned counsel of the respondents contend that this proceeding will not lie. The argument is that by the statute it is the province of the assignee to take proceedings to invalidate the attachments, judgment, and levy of the garnishees, *Sacket & Fitch*, and that a single creditor cannot do so. As we view this case upon the facts, it is not necessary to decide that question.

It would be useless to comment specially on the evidence. It is sufficient that we fail to find anything in the evidence that shows that Smith & Sacket had anything to do with procuring the attachments, judgment, or levy; or that *Sacket & Fitch* had anything to do in causing the assignment to be made; or that they did not act entirely independent of each other. The legal adviser of both firms having been the same, the haste and dispatch in which the business was done, and the proximity in time of the judgment, levy, and assignment, may excite a bare suspicion, but these circumstances have no weight unless there is some proof of the collusion in fact, and there is no such proof. The respondents had the right to secure a preference over other creditors, and by the exercise of great diligence, unless they colluded with their debtor firm in doing so and they actively aided them in securing such advantage over their other creditors; but there is no such evidence. In the absence of such actual fraud, the statute does not prohibit such a preference. Ch. 349, Laws of 1883, makes an execution levy within sixty days prior to an assignment void only on a judgment confessed or on a judgment note. We do not understand the learned counsel of the appellants to claim that such is not the law. But they insist that the collusion and fraud were sufficiently proved. In such a

case it may be that the judgment, levy, and assignment would, together, constitute an assignment with a preference, and therefore all of them would be void. The theory may be well enough, but the evidence is wanting. This being a mere question of fact, on the evidence, and there being no disagreement on the law of the case, as we understand it, authorities are not necessary. We agree with the circuit court that there was a want of evidence to sustain the complaint.

*By the Court.*— The judgment of the circuit court is affirmed.

